Rita ISKANDAR; Lionardi Losinto Lo, Petitioners,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73311.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 30, 2008.

Robert G. Ryan, Esquire, Law Offices of Eugene C. Wong, Inc., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brooke Maurer, Trial, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Rita Iskandar, her husband and two children, natives and citizen of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Substantial evidence supports the agency's finding that the harm Iskandar suffered did not rise to the level of past persecution. *See id.* at 1016–18. Furthermore, substantial evidence supports the agency's finding that Iskandar failed to demonstrate an objectively reasonable fear of future persecution. *See id.* at 1018. Although Iskandar is a member of a disfavored group, and therefore need only demonstrate a "comparatively low level of individualized risk in order to prove she has a

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

well-founded fear of future persecution," *Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004) (internal quotation marks and citation omitted), the incidents she suffered are insufficient to compel the conclusion that she met this burden. *Cf. id.* at 927–29. Moreover, Iskandar's similarly situated family members continue to reside unharmed in Indonesia. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996)

Because Iskandar failed to demonstrate that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Substantial evidence also supports the agency's determination that Iskandar is not entitled to CAT relief. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.